```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
|     **Plaintiff,** | : |
| | :    Case No. 3:06CR237 (JBA) |
| **v.** | : |
| | : |
| **BEN A. HUNTER,** | : |
|     **Defendant.** | : |

### RULING ON DEFENDANT'S MOTIONS
### [DOCS. ## 7, 8, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22]

On August 22, 2006, Defendant Ben A. Hunter was indicted by a grand jury on seventeen counts [Doc. #1] under 18 U.S.C. § 666(a)(1)(A) and 26 U.S.C. §§ 7206(1),(2)[1] arising from his involvement with the Shoot-Out Summer Basketball Camp of the Connecticut Basketball Association.  Defendant filed fourteen motions [Docs. ## 7, 8, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22] on September 18, 2006, and the government filed its Omnibus Response [Doc. #24] to thirteen of defendant's motions on October 19, 2006.[2]

For the reasons below, the Court GRANTS in part and DENIES in part defendant's Motion for Reserving the Right to Make Future Motions [Doc. #21], and DENIES his other motions [Docs. ## 7, 8,

---

[1] Specifically, defendant is charged with theft of funds related to federal programs, subscribing to a materially false tax return, and aiding and abetting preparation of a false tax return.

[2] The government did not respond to defendant's Motion for Reserving the Right to Make Future Motions [Doc. #21].

1

10, 11, 12, 14, 15, 16, 17, 18, 19, 20, 22].

**I. Discovery-Related Motions**

    **A. Motion to Disclose Existence of Evidence Obtained Pursuant to State Action [Doc. #7]**

    Defendant cites Fed. R. Crim. P. 16, the Fourth and Fifth Amendments, and <u>Elkins v. United States</u>, 364 U.S. 206 (1960), in support of this Motion.  (Mot. to Disclose at 1.)  While the government is aware defendant was also arrested on state larceny charges, it responds to defendant's Motion by representing that it "has made its tangible evidence available to defendant" pursuant to L. Crim. R. App. § (A)(5), which provisions incorporate the requirements of Fed. R. Crim. P. 16.  (<u>See</u> Opp. Mem. at 1, 4.)  It does not address whether this evidence was obtained by state law enforcement agents.

    <u>Elkins</u> overturned the longstanding "silver platter" doctrine that allowed "the prosecutor in a federal criminal trial to avail himself of evidence unlawfully seized by state officers."  364 U.S. at 210.  It clarified that "what the Constitution forbids is not all searches and seizures, but unreasonable searches and seizures," <u>id.</u> at 222, and held that, "[i]n determining whether there has been an unreasonable search and seizure by state officers, a federal court must make an independent inquiry," <u>id.</u> at 223-24.

    The general application of <u>Elkins</u> is thus in the context of motions to suppress.  <u>See</u>, <u>e.g.</u>, <u>United States v. Davis</u>, 906 F.2d

2

829, 835 (2d Cir. 1990) (relying on Elkins to overturn a state court suppression order for failure to show that "federal prosecutors actively aided the state prosecutors during the local suppression hearing" and holding that "[i]n federal court, . . . evidence should be suppressed only where federal law has been violated and the federal exclusionary rule applies"); United States v. Brown, 52 F.3d 415, 420 (2d Cir. 1995) (interpreting Elkins to stand for the proposition that "federal law is applicable in a federal prosecution even when state police officers were involved in the case").  Defendant offers no basis for applying Elkins in a discovery context unrelated to a motion to suppress.  A determination of whether there has been an unreasonable search and seizure, implicating the federalism issues of Elkins, does not relate to the government's discovery obligations.  The Court has denied defendant's unsupported Motion to Suppress [Doc. #16], infra, and denies the Motion to Disclose Existence of Evidence Obtained Pursuant to State Action absent any specification of why the government's "tangible evidence" production is deficient (Opp. Mem. at 4).

    **B. Motion for Disclosure of Rule 16 and Jencks Act Material [Doc. #11]**

With respect to Rule 16 materials, defendant's Motion is denied as moot, as the government advised defendant in its September 6 letter and avers to this Court that defendant made no statements to known government agents and has "no additional

information to provide to the defense" (Opp. Mem. at 7-8).

The government has obligated itself to provide Jencks Act material no later than one week prior to the start of evidence, notwithstanding 18 U.S.C. § 3500(a), which provides:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

Defendant's motion is denied without prejudice to renew if this voluntarily undertaken obligation is not met.

### C. Motion for Giglio Material [Doc. #12]

The government is required by Conn. L. Crim. R. App. § (A)(10) to make disclosures under United States v. Giglio, 405 U.S. 150 (1972), and there is no evidence to suggest that the government has not complied or will not comply with this requirement.  Therefore, defendant's motion is denied as moot.

### D. Motion for Disclosure pursuant to Federal Rule of Evidence 404(b) [Doc. #14]

The government avers that it is "unaware of other act or other crime evidence that it intends to offer at trial" in accordance with Fed. R. Evid. 404(b), but that "[i]f such evidence becomes known . . ., it will be disclosed to the defense."  Presuming the government's compliance with the requirement that any 404(b) notice be given reasonably in advance of trial, defendant's Motion is denied as moot.

**E. Motion for Pre-Trial Disclosure of Demonstrative Evidence [Doc. #15]**

The Court denies this Motion as moot, as the government represents it has made available to defendant for inspection all demonstrative trial evidence.

**F. Motion to Suppress [Doc. #16]**

With respect to the part of the Motion pertaining to "statements made by the defendant to police, prosecutors and investigators, including but not limited to agents of the FBI," the Motion is denied as moot, as "defendant made no statements in response to interrogation by law enforcement officers" (Opp. Mem. at 10) and thus was not "interrogated while not being advised of his Miranda rights" (Mot. to Suppress at 1).

Defendant seeks generally to suppress unspecified "materials obtained by [law enforcement officers]." (Id.) This Motion is not properly supported as it only describes "communications and/or materials . . . unlawfully obtained." (Id.) Such "conclusory, non-particularized allegations of unlawful official behavior," United States v. Tracy, 758 F. Supp. 816, 820 (D. Conn. 1991) (citing United States v. Culotta, 413 F.2d 1343, 1345 (2d Cir. 1969)), provide insufficient basis for suppression or for hearing. "A defendant seeking to suppress evidence bears the burden of demonstrating disputed issues of fact that would justify an evidentiary hearing." United States v. Guadalupe, 363 F. Supp. 2d 79, 81 (D. Conn. 2004) (citing Culotta, 413 F.2d at

5

1345)). Accordingly, defendant's Motion to Suppress is denied in its entirety.

### G. Motion for Brady Material [Doc. #17]

Defendant offers no indication that the government has not complied or will not comply with the mandates of Brady v. Maryland, 373 U.S. 83 (1963), and L. Crim. R. App. § (A)(11). Therefore, defendant's motion is denied as moot.

### H. Motion for Disclosure of Surveillance Evidence [Doc. #18]

As the government avers that it has no surveillance evidence to introduce in its case in chief, disclosure under L. Crim. R. App. § (A) is not required, and the Motion is denied as moot.

### I. Motion to Preserve Documents, Writings, Memoranda and Other Evidence [Doc. #20]

In Illinois v. Fisher, 540 U.S. 544, 547-548 (2004), the Supreme Court held that "the failure to preserve [ ] 'potentially useful evidence' does not violate due process 'unless a criminal defendant can show bad faith on the part of the police' (citing Ariz. v. Youngblood, 488 U.S. 51, 58 (1988)). The government declares that it "intends to fulfill" its "obligations with respect to the preservation of such material" under Youngblood and pursuant to the Brady and other disclosure requirements of L. Crim. R. App. § (A) (Opp. Mem. at 14). Therefore, the Motion is denied as moot.

**J. Motion for Notice of Intent to Use Residual Hearsay Exception Under Rule 807 [Doc. #22]**

The Motion is denied as moot, as the government states that it "does not intend to offer any such evidence" (Opp. Mem. at 9).

**II. General Motions**

**A. Motion for Bill of Particulars [Doc. #8]**

Rule 7(f) of the Federal Rules of Criminal Procedure "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). "A bill of particulars is only required where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he has been accused." United States v. Baez, 62 F. Supp. 2d 557, 559 (D. Conn. 1999) (citing United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990)). "[A] bill of particulars may not call for an evidentiary matter . . . [and] the government will not be required to disclose its legal theory on a bill of particulars." United States v. Ganim, 225 F. Supp. 2d 145, 156 (D. Conn. 2002). The Court may grant a motion for a bill of particulars if "the information sought is necessary, not [merely] helpful." See United States v. Love, 859 F. Supp. 725, 738 (S.D.N.Y. 1994),

aff'd sub nom. United States v. Roberts, 41 F.3d 1501 (2d Cir. 1994).

The Indictment charges defendant with two counts of theft concerning programs receiving federal funds under 18 U.S.C. § 666(a)(1)(A) (Counts One and Two),[3] five counts of filing false tax returns under 26 U.S.C. § 7206(1) (Counts Three through Seven),[4] and ten counts of aiding and assisting in the filing of

---

[3] (a) Whoever, if the circumstance described in subsection (b) of this section exists--
   (1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof--
      (A) embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that--
         (i) is valued at $ 5,000 or more, and
         (ii) is owned by, or is under the care, custody, or control of such organization, government, or agency;
. . .
shall be fined under this title, imprisoned not more than 10 years, or both.
(b) The circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $ 10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

18 U.S.C. § 666(a)(1)(A), (b).

[4] Any person who--
   (1) Declaration under penalties of perjury. Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter;

false tax returns under 26 U.S.C. § 7206(2) (Counts Eight through Seventeen).[5] (See Indictment [Doc. #1].) Defendant moves under Rule 7(f) that the Court order production of a Bill of Particulars setting forth: (1) the amount of federal funds allocated for the Connecticut Basketball Association and the summer camp; (2) the date, time, and place of the offenses alleged; (3) the identity of each document referenced in or used in obtaining the Indictment; and (4) the identities of the unnamed persons allegedly used by defendant in committing the tax fraud. (Mot. for Bill of Particulars at 1-2.) The government declares in response that it already disclosed the identities of the persons requested in point (4) and will provide more specific information "[t]o the extent there is any ambiguity concerning [their] identity" (Opp. Mem. at 5), rendering that request moot. As to the other three requests, the government urges the Court to deny the motion because "the defendants have sufficient

---

26 U.S.C. § 7206(1).

[5] Any person who--
   (2) Aid or assistance. Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document;

26 U.S.C. § 7206(2).

information to prepare an adequate defense and to prevent any threat of double jeopardy." (Id. at 7.)

The Court finds that the Indictment apprises defendant of the charges against him with sufficient particularity and that a bill of particulars is therefore unnecessary. While the types of information defendant seeks may be necessary to "advise the defendant of the specific acts of which he has been accused," Baez, 62 F. Supp. 2d at 559, as discussed below, the Indictment adequately provides this information.

### 1. Counts One and Two

Defendant's first request for the amount of federal funds allocated applies only to Counts One and Two, as this amount is required under 18 U.S.C. § 666(a)(1)(A). The Indictment states that "the Connecticut Basketball Association and the Connecticut Shoot-Out Summer Basketball Camp were funded by the City of New Haven Board of Education," (Indictment ¶ 5), "an agency that received more than $10,000 under the Title I grant program in 2002" (id. at 5) and "in 2003" (id. at 5-6). Although the Indictment does not specifically address how much federal money was allocated to the CBA and the summer camp, this is not necessary for purposes of stating the elements of the 18 U.S.C. § 666(a)(1)(A) charges.

Second, the Indictment provides dates[6] and places for the theft in Counts One and Two, which defendant allegedly committed by means of submitting fictional time sheets to New Haven: e.g., "[b]eginning in or about 1998 and continuing through 2003, fictitious time sheets were created for employees of the [CBA] . . ., which were then tendered to the Board of Education for the City of New Haven" (Indictment ¶ 8), "HUNTER then cashed the checks with the forged endorsement either at Check King, . . . in New Haven, Connecticut, or at Citizens Bank" (id. ¶ 9; see also ¶¶ 12-14), "During the year beginning January 1, 2002 and ending December 31, 2002" and "During the year beginning January 1, 2003 and ending December 31, 2003, in the District of Connecticut, BEN A. HUNTER, . . . did intentionally misapply and embezzle" (id. at 5).

Third, the Indictment identifies the specific documentary evidence[7] supporting the charges. It is sufficient for the

---

[6] Defendant also seeks the "time . . . that each of the alleged offenses were committed" (Mem. in Supp. of Mot. for Bill of Particulars [Doc. #9] at 2). As the "date" and "place" are sufficient to inform defendant as to the acts alleged, the specific hour of the alleged conduct has not been shown necessary to serve the notice purpose of an indictment.

[7] Defendant seeks from the government:

"The identity of each specific document referenced in the Indictment or used in obtaining the Indictment which the Government claims constitute the offenses with which the defendant is charged, including but not limited to, all cancelled checks, check registers, and any individual income tax returns filed by the

11

purposes of "enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy," Bortnovsky, 820 F.2d at 574, that the Government has referenced the "fictitious time sheets," "corresponding payroll checks" issued by the City of New Haven, and "checks issued based on the false and fictitious information." (See Indictment ¶¶ 7-9.)

### 2. Counts Three through Seven

With respect to the charge of filing a false tax return under 26 U.S.C. § 7206(1), the dates, places, and underlying documents sought by defendant are adequately alleged in the Indictment. It is stated that Hunter "did not report income obtained through this scheme on his Individual Income Tax Return, Form 1040 for the calendar years 1998 through 2002" (id. ¶ 10) "in the District of Connecticut," and that he "willfully made and subscribed" these false returns "verified by a written declaration that [they were] made under the penalties of perjury" "with the Internal Revenue Service at Andover, Massachusetts" (id. at 6-8). The following dates are listed: January 16 and 19, 2001; January 14, 2002; October 15, 2002; and November 9, 2003. (Id.) These foregoing detailed allegations are sufficient and a bill of particulars, which is not intended to "call for an evidentiary matter," Ganim, 225 F. Supp. 2d at 156, is not

---

defendant or any other individual or entity."
(Mem. in Supp. of Mot. for Bill of Particulars at 2-3.)

necessary on these counts.

### 3. Counts Eight through Seventeen

Again with respect to the charges under 26 U.S.C. 7206(2), the sought-after dates, places, and underlying documents are sufficiently referenced in the Indictment.  Defendant has been accused of "caus[ing] federal tax returns to be filed for individuals . . . without their knowledge or consent" "[i]n order to avoid detection of his scheme to embezzle and obtain federal funds by fraud."  (Indictment ¶ 11.)  He allegedly did this in New Haven (id. ¶¶ 12, 13, 14) by manipulating the time sheets, forging the signatures, and cashing the payroll checks of John Doe between 1998 to 2000 (id. ¶ 12), of Jane Doe between 1998 to 2003 (id. ¶ 13), and of Richard Roe in 2002 and 2003 (id. at 13-14).  The underlying documents, all individual income tax return applications stating wage amounts that the unnamed individuals allegedly did not receive from the City of New Haven, were filed by defendant on the following dates: January 16, 2001, January 15, 2002, January 17, 2002, October 15, 2002, and November 10 and 11, 2003.  (See id. at 8-14.)

Therefore, as the information defendant seeks via a bill of particulars is sufficiently provided in the Indictment, advising him "with sufficient particularity" of "the nature of the charge[s] pending against him," Bornovsky, 820 F.2d at 574, under 18 U.S.C. 666(a)(1)(A), and 26 U.S.C. 7206(1) and (2),

13

defendant's Motion is denied.

### B. Motion to Compel Notice from the Government of Intention to Use Evidence [Doc. #10]

Under Fed. R. Crim. P. 12(b)(4)(B), a "defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(c), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." Defendant moves to compel this notice, to which the government responds that it has effectively provided such notice by inviting defense counsel to "schedule a meeting . . . for review of evidence the Government intends to introduce in its case in chief," (Gov't Letter, Opp. Mem. Ex. A at 2). Since opportunity to actually review the government's evidence is even more helpful than "notice," and inasmuch as it appears defendant's counsel has not availed himself of this opportunity yet and thus cannot assail the adequacy of the government's disclosure, defendant's Motion is denied as premature.

### C. Motion for Grand Jury Minutes [Doc. #19]

The Federal Rules provide limited exceptions to the general rule preserving the "privileged nature of grand jury proceedings," see Univ. of Pa. v. EEOC, 493 U.S. 182, 195 (1990). "The court may authorize disclosure — at a time, in a manner, and subject to any other conditions that it directs — of a grand-jury matter; . . . at the request of a defendant who shows that a

14

ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). "In making this difficult determination, a district court has been 'infused with substantial discretion.'" In re Federal Grand Jury Proceedings, 760 F.2d 436, 439 (2d Cir. 1985) (citations omitted). The Supreme Court has held that, "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 211, 222 (1979).

Defendant moves the Court generally for a copy of "transcription of all Grand Jury testimony" (Mot. for Grand Jury Minutes at 1) and does not particularize any need or purpose under Fed. R. Crim. P. 6(e)(3)(E)(ii) to justify such disclosure. Hunter's Motion is therefore denied without prejudice.

### D. Motion for Reserving the Right to Make Future Motions [Doc. #21]

On August 28, 2006, Magistrate Judge Fitzsimmons established a deadline of September 18, 2006 for defendant's pre-trial motions [Doc. #2]. The government has made its evidence available to defendant, even though the parties have not met regarding discovery. See L. Crim. R. App. § (C). Defendant's

15

motion is granted as to motions which have been denied without prejudice, and is denied otherwise absent any specificity as to what potential motions are contemplated and why they could not have been timely brought.  Defendant has sought no extension of this schedule.

### III. Conclusion

Accordingly, defendant's Motion for Reserving the Right to Make Future Motions [Doc. #21] is GRANTED in part and DENIED in part, and all other motions [Docs. ## 7, 8, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20, 22] are DENIED.

IT IS SO ORDERED.

/s/

JANET BOND ARTERTON, U.S.D.J.

**Dated at New Haven, Connecticut, this 16th day of November, 2006.**